IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DR. TINA CLARK-SCOTT ) <br> ) <br> Plaintiff, ) <br> ) <br> ) Civil Action No. <br> v. ) <br> )  Hon. Judge: <br> NORMANDY SCHOOL COLLECTIVE ) <br> ) <br> Defendant. ) | |

## COMPLAINT

**Introduction**

1.     The plaintiff sues Normandy School Collective for sexual discrimination, racial discrimination, color and age discrimination under Title VII, violation of Section 42 US Code Section 1981 Equal rights under the law, U.S. Const. amend. XIV, Section 2. Emotional Distriess, and wrongful Termination Laws and violation of public policy. Violation of the Family Medical Leave Act of 1993.

**Exhausting Administrative Proceedings**

2.     The plaintiff has satisfied all conditions precedent to the filing of her lawsuit.  The EEOC issued plaintiff right to sue on April 4, 2022 attached. (Exhibit 1).

**Jurisdiction and Venue**

3. This Court has jurisdiction under Section 706(f)(3) of Title VII of the Civil Rights Act 1964, as amended 42 U.S.C. Section2000e-5(f)(3), under Section 1331 and 1343 of the Judicial Code 28 U.S.C. Section 1313 and 1343 and has supplemental jurisdiction under Section 1367 of the Judicial Code 28 U.S.C. Section 1367.

4. Acts and omissions occurred in the Eastern District of Missouri, venue is proper by Section 1391 (b) of the Judicial Code [28 U.S.C. section 1391 (b)].

**Facts**

5. Plaintiff, an African American married female, over the age or forty, began employment with the Defendant on or about            .

6. Plaintiff was the tenured assistant school district superintendent and performed her job competently at all times until her separation from the District.

7. Plaintiff was wrongfully terminated on or about 18 February 2021 after being out under the Family Medical Leave Act due in part to stress suffered from Defendants Superintendent Robinson actions toward the Plaintiff. Defendant contacted Plaintiff while she was on FMAL leave and demanded she disregard her treating physicians recommendation cease FMLA leave and immediately return to work.  Plaintiff went out under FMLA on November 9th of 2020 and returned February 16th 2021. Defendant contacted Plaintiff by phone and suggested she return to work immediately because her Department was not working properly. While Plaintiff was on FMLA leave Defendant reassigned all of Plaintiffs staff and removed Plaintiffs duties. Plaintiff was not provided a comparable position on return to work on February 16th but was sent what is

best described as a termination letter on February 18th 2021 by the Defendant. Defendant Superintendent cites Plaintiffs failure to communicate with him while Plaintiff was out under FMLA as one of the reasons for her termination.

8. Defendant failed to promote Plaintiff despite Plaintiff being the best qualified candidate for the Superintendents position that ultimately filled by Marcus Robinson.

9. Marcus Robinson, (Robinson) hired in or about April 2020 represented to the hiring committee that he would complete his course work toward a doctoral degree on or by December 2020.

10. Robinson represented that he would also become state certified to act as Superintendent shortly thereafter.

11. Robinson's only state credential achieved is a substitute teaching certificate.

12. Plaintiff argues that every action Robinson advanced as superintendent is illegally and should be undone.

13. State law class for lowering a districts's accreditation status after two years under an uncertified superintendent. That would mean that Normandy School District would be deemed unaccredited.

14. Robinson has not completed the described course work.

15. Robinson has not been certified to act as superintendent in the State of Missouri.

16. Robinson is slated to step down 30 June 2022 after failing to be certified and a host of other questionable if not illegal acts waged by Robinson, a full year short of the three year contract the Defendant awarded Robinson.

17. Robinson was paid an annual salary of $215,000.00.

18. Plaintiff has an earned Doctorate degree.

19. Plaintiff is certified by the State of Missouri to act as as administrator.

20. Plaintiff applied for the Normandy Superintendent position.

21. The District hired the unqualified Robinson over the qualified Plaintiff.

22. Plaintiff was discriminated against by the District due to Plaintiffs race.

23. Plaintiff was discriminated against by the District due to her age.

24. Plaintiff was discriminated against by the District due to her sex.

25. Plaintiff was discriminated against by the District due to her color.

26. Plaintiff being certified by the State of Missouri was duty bound to adhere the law and regulations of the State.

27. Robinson retaliated against and ultimately terminated Plaintiff for adherence to the laws and regulations of the State of Missouri.

28. As a direct result of Plaintiffs race, sex, age, and color Plaintiff was not compensated appropriately.

29. Male, non-Black, lighter hued employees under the age of 40 were treated as the law prescribes. Unlike the treatment the Plaintiff received.

30. The Plaintiff suffered financial injuries as a result of the actions of the Defendant.

31. The Plaintiff suffered garden variety emotional distress as a result of the actions of the Defendant.

32. The Plaintiff through out employment and through termination suffered pain as a result of the actions of the Defendant.

33. The Plaintiff through out employment and through termination on suffered as a result of the actions of the Defendant.

34. At all times when the Plaintiff was employed by the Defendant Normandy School District Collective, Plaintiff was an "employee" within the definition of Section 701 (f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. Section 2000e(f)].

35. At all times when the Plaintiff was employed by the Defendant Plaintiff was in the protected group sought to enjoy rights, privileges and protections under Section 42 US Code Section 1981 Equal Protection.

36. At all times when the Plaintiff was employed by the Defendant Normandy School District Collective Plaintiff was in the protected group sought to enjoy rights, privileges and protections under the Equal Protection U.S. Const. amend. XIV, Section 2.

**Count I Retaliation**

37. Plaintiff incorporates paragraphs 1-36 as fully inserted herein.

38. Defendants through its actions and/or omissions discriminated against the Plaintiff based upon her participation and in a protected activity and opposition to discrimination.

39. Defendants actions were adverse and severe against Plaintiff.

40. After Plaintiff complained about employees over the age of forty being converted from full-time employees to temporary substitute employees being discriminatory; and

41. After Plaintiff complained about competent tenured teachers over the age of forty being wrongly terminated; and

5

42. Plaintiff exercised stress leave benefits under the FMLA from November 9th, 2020 until February 16th , 2021.

42. Plaintiff complaining to human resources for age, sex, race, color and race, and disability discrimination.

43. Defendant terminated Plaintiff on February 18th, 2021 effective June 2021.

44. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

45. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

46. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, age, race, color and retaliation;
II. Court enjoin Defendant from continuing to discriminate employees because of sex, age, race, color and retaliation;
III. Defendant  reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, age, race, color and retaliation;

V. Order the Defendant  to compensate the Plaintiff for damages which she suffered resulting from the Defendants discriminating against her because of her sex, race, age, color and

retaliation including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count II Sexual Discrimination**

47. Plaintiff incorporates paragraphs 1-46 as if fully asserted herein.

48. Defendant through its agent and by its actions and/or omissions discriminated against the Plaintiff based upon her sex and condition of her employment.

**Damages**

49. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

50. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

51. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.** Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

**II.** Court enjoin Defendant from continuing to discriminate employees because of sex;

**III.** Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant  pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant  discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count III Termination**

52. The Plaintiff incorporates paragraphs 1-51 by reference as if fully stated herein.

53. Defendant through its agents and by the actions and/or omission terminated the Plaintiff on or about February 18, 2021 effective June of 2021 based upon her sex, race, age, disability and in retaliation to her protesting Defendants illegal practices relating to the terms and conditions of her employment and in violation of  the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**Damages**

54. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

55. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

56. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age and race;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and race;

III. Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII. Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count IV. Color Discrimination**

57. Plaintiff states and re-states paragraphs 1-56 as if fully inserted here.

58.    The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color and condition of her employment.

Wherefore, the Plaintiff prays that the Court:

I.   Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

II.  Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and retaliation;

III. Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

V.  Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII. Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count IV Race Discrimination**

62.    Plaintiff states and re-states paragraphs 1-61 as if fully inserted here.

63.    The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color and condition of her employment.

10

**Damages**

64. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

65. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

66. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and retaliation;

III. Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**COUNT V Section 1981 claims against all defendants**

67. The Plaintiff incorporates by reference the averments in 1-66 as if fully asserted herein.

68. Defendant through its agents and by the actions and/or omission discriminated against Plaintiff based upon her race, color, and sex in the terms and conditions of her employment, violating Title VII of the Civil Rights Act of 1964 and or for participating in a complaint against Defendant.

69. Defendant employees racially harassed Plaintiff.

70. Defendant created a racially hostile environment that Plaintiff was subject to suffer from.

71. Defendants retaliated against Plaintiff after Plaintiff contacted personnel regarding harassment and improper non-profit actions of Defendant employees.

72. Defendants ultimately terminated Plaintiff after she complained about the harassment suffered.

**Damages**

73. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

74. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

75. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, race, color and age;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, age, color and race;

III. Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, race, age and color;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, age, race, and color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**Count VI  Violation of the 14th Amendment**

76. Plaintiff states and re-states paragraphs 1-75 as if fully inserted here.

77. The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color, sex, age and race and condition of her employment.

**Damages**

78. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

79. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

80. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and retaliation;

III. Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

14

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count VII  Violation of the Family Medical Leave Act of 1993**

81.     Plaintiff states and re-states paragraphs 1-80 as if fully inserted here.

82.     The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color, sex, age and race and condition of her employment.

**Damages**

83.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

84.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

85.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant  and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.** Order the Defendant  to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

**II.** Court enjoin Defendant  from continuing to discriminate employees because of sex, color, age, retaliation, and afoul of the Family Medical Leave Act of 1993.

**III.** Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

Respectfully submitted,

FIELDS AND ASSOCIATES, LLC

By  */s/  Larry Fields*
    Larry S. Fields 58044
    707 North Second Street
    Suite 400
    St. Louis, MO 63102
    314-241-3535 Telephone
    314-241-3536 Facsimile
    LSF19@msn.com